**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROBERT ADAIR, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **Civil Action No. 4:25-cv-00845-O** |
| **v.** | § | |
| | § | |
| **MARATHON DIGITAL HOLDINGS, INC.,** | § | **(Consolidated with Civil Action Nos. 4:26-CV-00323-O and 4:26-CV-00534-O)** |
| | § | |
| | § | |
| **Defendant.** | § | |

---

**APPENDIX OF EXHIBITS IN SUPPORT OF DEFENDANT MARA HOLDINGS, INC.'S MOTION TO EXCLUDE EXPERTS, DISMISS PERSONAL INJURY CLAIMS AND ENTER *LONE PINE* ORDER GOVERNING ANY FUTURE CLAIMS**

---

**INDEX**

Exhibit A – Transcript of April 10, 2026, Hearing....................1[1]

Exhibit B – Plaintiffs' Amended Interrogatory Responses....................12

Exhibit C – Plaintiffs' Amended Responses to Requests for Admission....................27

Exhibit D – Plaintiffs' Amended Responses to Requests for Production....................86

[1] Pursuant to Local Civil Rule 5.2(d), only the pages referenced in MARA's Brief are included in this appendix. The remaining pages are intentionally omitted because they consist of voluminous discovery materials. The omitted materials are available and can be submitted to the Court for review and consideration upon request.

Dated: July 10, 2026

Respectfully submitted,

By: */s/ Robert E. Thackston*

Robert E. Thackston
Texas Bar No. 00785487
Robert.Thackston@nelsonmullins.com
Paula D. Pendley
Texas Bar No. 24123678
Paula.Pendley@nelsonmullins.com
Sabrina A. Focht
Texas Bar No. 24134412
Sabrina.Focht@nelsonmullins.com
Emily Nguyen
Texas Bar No. 24143732
Emily.Nguyen@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**
3333 Lee Parkway, Suite 750
Dallas, TX 75219
Phone: 469-484-6100
Fax: 469-828-7217

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed via the Court's electronic filing system this 10th day of July, 2026, and sent by electronic mail to:

Steven S. Dias
Texas Bar No. 24135825
Dias Hall, Inc.
5049 Edwards Ranch Clearfork, 3rd Floor
Fort Worth, Texas 76109
sdias@diashall.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Robert E. Thackston*
Robert E. Thackston

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LIS BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS,

Plaintffs,

VS.

MARATHON DIGITAL HOLDINGS, INC., and DAVID FISCHER,

Defendants.

CASE NO. 4:25-CV-00845-O

FORT WORTH, TEXAS

APRIL 10. 2026

9:24 A.M.

VOLUME 1 OF 1
TRANSCRIPT OF MOTIONS HEARING
BEFORE THE HONORABLE REED C. O'CONNOR, CHIEF JUDGE
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFFS: MR. STEVEN DIAS
DIAS HALL LAW P.C.
5049 Edwards Ranch Clearfork, S-3-161
Fort Worth, Texas 76109
Telephone: 817-510-2911

FOR THE DEFENDANTS: MR. ROBERT E. THACKSTON
MR. R. REES LeMAY
NELSON MULLINS RILEY & SCARBOROUGH, LLP
3333 Lee Parkway, Suite 750
Dallas, Texas 75219
Telephone: 469-484-4790

COURT REPORTER: ZOIE M. WILLIAMS, RMR, RDR, FCRR
United States Federal Court Reporter
501 W. 10th Street
Fort Worth, Texas 76102
zwilliams.rmr@gmail.com
817.850.6630

The above styled and numbered cause was reported by computerized stenography and produced by computer.

not as savvy with computers and accessing My Chart and whatnot, making our jobs slightly difficult.

So I asked -- we needed 45 more days. They said we cannot give you 45 more days. I had a separate telephone call with a partner from defense counsel's firm. I said, we will comply. I have a list of almost all the documents we have. We still have about -- a small handful left that we need of medical records.

This is only 11 days past -- when I asked for 45 days, we were moving a lot faster than I anticipated us moving. I still think we're probably about two weeks out from having all the documents back from all the medical providers of our clients.

THE COURT: Okay. So let me, I've looked through these responses and I just want to pull out a few that raises -- it raises a concern with me. I just want to get your response to them.

So, in these requests for admissions, for instance, you are asked to admit or deny that there is an appraisal showing the sound has been reduced on the property, or admit or deny that you are a Medicaid beneficiary, or admit or deny that you receive disability income, or admit or deny that you wear hearing aids, and you lodge a number of objections to that. That this discovery is irrelevant. That it seeks attorney-client information.

there's any expert that's going to say that.

And then, with respect to the other sort of so-called medical claims, it's things like fatigue and aggravation. I don't know that those are medical issues that one can recover for under the Texas substantive law.

So I would just ask that the Court consider the possibility of a different scheduling order, perhaps putting the general causation issues up front. And so, unless the Court has any other questions for me?

THE COURT: No. So I will say that you-all are going to need to work on the discovery issue and you're going to have to work together. You are going to have to get documents produced and information delivered.

You need to give them extensions when it is reasonable, because I'm not going to want to be handling discovery disputes constantly in this case.

Now, how much time do you need to present this discovery?

And do you have experts lined up to opine on some of these issues?

MR. DIAS: We have a number of experts lined up, Your Honor.

THE COURT: Okay.

MR. DIAS: And as to the discovery -- I apologize. And as to the discovery for the documentation for the

medical records that we are acquiring for the defense, a lot of times you're at the mercy of the hospital providing the records, the doctor's office providing the records.

So we've been diligently working to get them. I had a list provided, prepared for me a couple days back, trying to find out how many of our clients have a few straggler records out there. Which, as I said, I actually do believe we can have the medical records within the next two weeks.

THE COURT: So you are gathering those records?

You do not want to provide a release to them for them to go get them?

MR. DIAS: And we discussed the release and the authorizations in the time when they informed me that they were going to be filing a motion to compel, I said the authorizations are overly broad. If they were willing to narrowly tailor it to a reasonable period of time, we're willing to do that.

They're asking for -- in the authorization, it asks for a number of items and personnel records. Some of my clients, Your Honor, haven't worked in 30 years. Asking for tax records.

THE COURT: Okay. So the answer to my question is, yes, you're not willing to do it because you believe it's overly broad?

MR. DIAS: No. We are more than willing to sign one for medical records, et cetera, and issues that are pertinent to this case.

THE COURT: Okay. Then why haven't you done that, I guess?

MR. DIAS: When we had our last telephone conference, basically it was, sign this or we're filing a motion to compel. There seemed to be no middle ground in between.

THE COURT: I see. Okay.

MR. DIAS: If there was middle ground -- I'm very easy to work with, if there was middle ground, we would have done it. We would have done it and we wouldn't be standing here today.

THE COURT: You-all need to work on that or you need to get the documents to them.

MR. DIAS: Very good.

THE COURT: Let me just ask this question though. So you think, in the next two weeks, you will be able to produce all the documents that they've asked for?

MR. DIAS: I believe that we would have darn close to having all the medical records that they wanted. We don't have a lot left to gather for them.

THE COURT: But they asked for other documents as well?

MR. DIAS: Yes.

THE COURT: So it's not just that.

MR. DIAS: Correct. And then, I mean, realistically, when I said we needed 45 days, I was very serious, we needed 45 days. We put it on expedite to try to move things along faster, but we needed that 45 days.

THE COURT: That's my question to you. When will you be able to produce the documents that are responsive to the requests for production?

MR. DIAS: Honestly, Your Honor, sometime between the next two weeks and 30 days. When I originally said 45 days, that was accurate, 45 days.

THE COURT: What about the requests for admissions?

MR. DIAS: The same. I meant all the discovery, Your Honor.

THE COURT: Okay. Okay. So I want you to supplement your answers to the requests for admissions no later than April 30. Supplement your answers to the interrogatory request no later than April 30.

I want you to make a production of documents, all that you have, two weeks from today. I want you to produce those to the defense. That's April 24th. All that you have on April 24th that are responsive to their request, I want you to produce those to them.

And then, you supplement what you receive -- after April 24th, you supplement that production to them promptly until you have complied with their request for production.

Now, and so, once -- now, have you asked them for discovery, or do you intend to ask them?

MR. DIAS: We do intend on asking them for discovery.

THE COURT: Have you done that?

MR. DIAS: Not yet, Your Honor, no.

THE COURT: What kind of discovery are you going to be asking them for?

MR. DIAS: Your Honor, we will be asking for written discovery, some special interrogatories, and production of documents.

THE COURT: On what issues?

MR. DIAS: Particularly, how they're operating. What type of machinery they have out there. The quantity of the machines that are out there. The regulations on how they monitor the noise levels. How they monitor the vibration levels that are emanating from the facilities, et cetera.

THE COURT: Okay. Why have you not asked for any of that yet?

MR. DIAS: That's -- we're working -- honestly, we're working on gathering the documents for them. We

REPORTER'S CERTIFICATE

I, ZOIE WILLIAMS, RMR, RDR, FCRR, certify that the foregoing is a true and correct transcript from the record of proceedings in the foregoing entitled matter to the best of my ability to hear.

Further, due to the COVID-19 pandemic, some participants are wearing masks, and/or appeared via videoconferencing, so proceedings were transcribed to the best of my ability.

I further certify that the transcript fees format complies with those prescribed by the Court and the Judicial Conference of the United States.

Signed this 24th day of April, 2026.

____/s/ Zoie Williams___________
Zoie Williams, RMR, RDR, FCRR
Official Court Reporter
Northern District of Texas
Fort Worth Division

Business Address: 501 W. 10th Street
Fort Worth, Texas 76102
zwilliams.rmr@gmail.com
817.850.6630

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW AMY RAWLE,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Interrogatories.

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF INTERROGATORIES**

1. Please identify yourself by all names by which You have ever been known, Your date of birth, social security number, and home addresses for the last 10 years.

the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Loss of enjoyment to our property due to excessive noise created by bitcoin facility which began the day they started operation.

8. If You allege any adverse health effects that You attribute to defendant's operations then please describe those adverse health effects including date of first onset, frequency, and identify any healthcare provider who has evaluated, diagnosed, or treated any of those adverse health effects. If You received prior treatment, even outside of 10 years, for the Body System alleged to be affected by Defendant's conduct (such as, but not limited to, cardiovascular/circulatory, neurological or respiratory systems) then please Identify all health care providers who treated You, or with whom You have consulted, for that health effect.

ANSWER: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency. High blood pressure, anxiety, frustration and sleepless nights.

9. Identify every action You have taken to mitigate or in any way address or cope with the alleged effects of the Sound or vibrations from defendant's facility including, but not limited to, any purchases of any instrument or device to reduce Sound heard or perceived such as earphones or

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br>Plaintiffs,<br>v.<br>MARATHON DIGITAL HOLDINGS, INC;<br>Defendant. | § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW KAREN PEARSON,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Interrogatories.

occurrence and identify any documents that support Your claims including receipts, Photographs and insurance claims.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

8. If You allege any adverse health effects that You attribute to defendant's operations then please describe those adverse health effects including date of first onset, frequency, and identify any healthcare provider who has evaluated, diagnosed, or treated any of those adverse health effects. If You received prior treatment, even outside of 10 years, for the Body System alleged to be affected by Defendant's conduct (such as, but not limited to, cardiovascular/circulatory, neurological or respiratory systems) then please Identify all health care providers who treated You, or with whom You have consulted, for that health effect.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Beginning in April of 2023, Plaintiff has been treated by Dr. [redacted] for anxiety, loss of sleep, emotional distress, and has had to have her medications increased.

9. Identify every action You have taken to mitigate or in any way address or cope with the alleged effects of the Sound or vibrations from defendant's facility including, but not limited to, any purchases of any instrument or device to reduce Sound heard or perceived such as earphones or headphones or any device or applications designed to reduce, mask or create sound, such as white noise. Please Identify and Documents associated with this response.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW BEVERLEY POTTS,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Interrogatories.

witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: We built our retirement home on our son's property, it was quite and peaceful. Then the Bitcoin mining started operating and there were no noise restrictions for them. Causing interference with sleep and a increase in stress.

7. If You claim any physical damage to real or personal property allegedly caused by Defendant's operations at the Granbury Data Center, please describe that damage including date of occurrence and identify any documents that support Your claims including receipts, Photographs and insurance claims.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: The primary damage that Marathon Bitcoin has caused to the property is the peace and quietness up until they started with their loud cooling fans for the mining for Bitcoins via computer servers.

8. If You allege any adverse health effects that You attribute to defendant's operations then please describe those adverse health effects including date of first onset, frequency, and

identify any healthcare provider who has evaluated, diagnosed, or treated any of those adverse health effects. If You received prior treatment, even outside of 10 years, for the Body System alleged to be affected by Defendant's conduct (such as, but not limited to, cardiovascular/circulatory, neurological or respiratory systems) then please Identify all health care providers who treated You, or with whom You have consulted, for that health effect.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency. Anxiety, ringing in ears, hearing loss and sleep issues.

9. Identify every action You have taken to mitigate or in any way address or cope with the alleged effects of the Sound or vibrations from defendant's facility including, but not limited to, any purchases of any instrument or device to reduce Sound heard or perceived such as earphones or headphones or any device or applications designed to reduce, mask or create sound, such as white noise. Please Identify and Documents associated with this response.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DONNA ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Interrogatories.

2016, no mortgage. Discovery is ongoing, and this responding party shall supplement this response when and if relevant and responsive information is discovered.

7. If You claim any physical damage to real or personal property allegedly caused by Defendant's operations at the Granbury Data Center, please describe that damage including date of occurrence and identify any documents that support Your claims including receipts, Photographs and insurance claims.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communication between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency. No physical damage other than loss of wildlife, enjoyment of back porch and property.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent is not aware of any physical damage to real or personal property. Due to the noise and vibration coming from Granbury Bitcoin mine there has been a loss of wildlife, loss of enjoyment of the back porch and property. Discovery is ongoing, and this responding party shall supplement this response when and if relevant and responsive information is discovered.

8. If You allege any adverse health effects that You attribute to defendant's operations then please describe those adverse health effects including date of first onset, frequency, and identify any healthcare provider who has evaluated, diagnosed, or treated any of those adverse

health effects. If You received prior treatment, even outside of 10 years, for the Body System alleged to be affected by Defendant's conduct (such as, but not limited to, cardiovascular/circulatory, neurological or respiratory systems) then please Identify all health care providers who treated You, or with whom You have consulted, for that health effect.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency. Started in 2021, ringing in her ears. Plaintiff has not gone to a physician because there is no cure for Tinnitus.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Ringing in her ears. Respondent has not been seen for Tinnitus since there is no cure. Discovery is ongoing, and this responding party shall supplement this response when and if relevant and responsive information is discovered.

9. Identify every action You have taken to mitigate or in any way address or cope with the alleged effects of the Sound or vibrations from defendant's facility including, but not limited to, any purchases of any instrument or device to reduce Sound heard or perceived such as earphones or headphones or any device or applications designed to reduce, mask or create sound, such as white noise. Please Identify and Documents associated with this response.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF INTERROGATORIES**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DANIEL RHODE,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Interrogatories.

September 30, 1998, 8550 Mitchell Bend Court, Granbury, TX 76048, purchased on January 26, 2001.

7. If You claim any physical damage to real or personal property allegedly caused by Defendant's operations at the Granbury Data Center, please describe that damage including date of occurrence and identify any documents that support Your claims including receipts, Photographs and insurance claims.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: At the time of this responses Plaintiff is unaware of physical damage to their property.

8. If You allege any adverse health effects that You attribute to defendant's operations then please describe those adverse health effects including date of first onset, frequency, and identify any healthcare provider who has evaluated, diagnosed, or treated any of those adverse health effects. If You received prior treatment, even outside of 10 years, for the Body System alleged to be affected by Defendant's conduct (such as, but not limited to, cardiovascular/circulatory, neurological or respiratory systems) then please Identify all health care providers who treated You, or with whom You have consulted, for that health effect.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency. Chronic headaches, anxiety, irritable, chronic migraines, sleepless night, dizziness, respiratory problems and permanent conduction hearing loss.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: At the time of this response Plaintiff has only been impacted by health effects as listed in their complaint.

9. Identify every action You have taken to mitigate or in any way address or cope with the alleged effects of the Sound or vibrations from defendant's facility including, but not limited to, any purchases of any instrument or device to reduce Sound heard or perceived such as earphones or headphones or any device or applications designed to reduce, mask or create sound, such as white noise. Please Identify and Documents associated with this response.

ANSWER: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW BEVERLEY POTTS,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DONNA ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Plaintiff has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a

professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

27. Admit that since 2019 you have not been declared by a licensed medical professional as limited to work.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DANIEL RHODES,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Plaintiff has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

18. Admit You did not take any steps to minimize the effect of the Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW NANCY RHODES,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

4. Admit that You are currently or have previously been a member of Citizens Concerned About Wolf Hollow prior to initiation of this lawsuit.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within

a single question. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Plaintiff has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information

content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

18. Admit You did not take any steps to minimize the effect of the Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

24. Admit that you have not been declared disabled by any licensed medical professional.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a

conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

27. Admit that since 2019 you have not been declared by a licensed medical professional as limited to work.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW ROBERT ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admission.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Plaintiff has made a reasonable inquiry and the information it knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

24. Admit that you have not been declared disabled by any licensed medical professional.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a

conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

27. Admit that since 2019 you have not been declared by a licensed medical professional as limited to work.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;

Plaintiffs,

v.

MARATHON DIGITAL HOLDINGS, INC;

Defendant.

§ § § § § § § § § § § § § § § § § § § § § § § § § §

**Case No. 4:25-cv-00845-O**

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW AMY RAWLE,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DAVID BLANKENSHIP,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry, and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW LISA BLANKENSHIP,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry, and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to

witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work

work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW LARRY POTTS,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW WES RAWLE,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question

Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL RESPONSE: Without waiving previously asserted objections, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: Objections: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § | **Case No. 4:25-cv-00845-O** |

## PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DANNY LAKEY,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Plaintiff can neither admit nor deny.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

16. Admit You have no medical records showing You suffered any physical injury caused by the alleged Sound.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

17. Admit You did not obtain an appraisal showing the Sound reduced Your property value.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or

protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

27. Admit that since 2019 you have not been declared by a licensed medical professional as limited to work.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br>Plaintiffs,<br>v.<br>MARATHON DIGITAL HOLDINGS, INC;<br>Defendant. | §§§§§§§§§§§§§§§§§§§§§§§§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR ADMISSIONS**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DEANNA LAKEY,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Admissions.

admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Deny.

5. Admit that You do not have any appointments or treatments scheduled in the future for the injuries or illnesses You have allegedly sustained as a result of Defendant's operation at Granbury Data Center.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

6. Admit that You do not know the actual volume, in dBA or dBC, of the Sound You claim constitutes a nuisance.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Plaintiff can neither admit nor deny.

7. Admit the Sound You complain of was not continuous 24 hours a day.

RESPONSE: **Objections:** The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that

protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

25. Admit that you do not have any diagnosed problems or issues with your ability to hear.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny. Objection. The question calls for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

26. Admit that you do not use hearing aids.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within a single question. Plaintiff has made reasonable inquiry and the information Plaintiff knows or can readily obtain is insufficient to enable Plaintiff to admit or deny.

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Admit.

27. Admit that since 2019 you have not been declared by a licensed medical professional as limited to work.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. This is a question that is essentially an argument to the jury. The question elicits no new information. It states a conclusion and asks the witness to agree. This is a question that brings up two separate facts within

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | |
|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW GERALDINE LATHERS,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

5. All documents regarding any investigation You conducted of Defendant's operation or the alleged noise coming from the Granbury Data Center prior to the filing of this lawsuit that would not otherwise be privileged.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents.

6. Any communication by You with any county, state, or federal agency regarding any complaints about MARA's operations.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates Stamps Lathers_000058-Lathers-000088. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

7. Any communication between You and anyone else, including but not limited to any realtor, regarding the possibility of selling Your real estate property, including any discussion of valuation of Your real estate property, from 2019 through the present.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents.

8. Any documents regarding the value of Your real estate property for tax or sale purposes, including appraisals, and any communication relating in any way to such evaluation for tax purposes.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates stamps Lathers_000036-Lathers_000039.

9. The transcript for any hearing challenging the appraisal value of Your real estate property or any documents regarding such challenge.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search

19. Any noise/sound studies or recordings by or on behalf of You relating to the MARA Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

20. Invoices for any mitigation efforts undertaken by You to reduce the noise or vibrations allegedly attributed to the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

21. All documents and communications related to meeting held with area landowners regarding the noise or vibrations allegedly attributed to MARA's Granbury Data Center facility.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

22. All documents regarding any applications or devices acquired by You for performing sound measurements, including any calibration records.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

23. All meeting minutes or written notes taken for any meetings held with area landowners regarding the noise or vibrations attributed to MARA's Granbury Data Center facility.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

24. All communications about the founding of Citizens Concerned About Wolf Hollow.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

25. All communications about Citizens Concerned About Wolf Hollow Members joining the association Citizens Concerned About Wolf Hollow.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

26. Any recording or logs maintained by You or someone on Your behalf documenting noise levels related to MARA's Granbury Data Center since 2022.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

27. All devices used to measure sound levels related to the MARA Data Center by You.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

28. Any documents regarding funding of Plaintiffs' lawsuit, including litigation loans and funding-raising materials.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

29. Any communications referencing or recording the frequency of wildlife sightings in Hood County between 2019 and present day.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

30. Any communications between You and media outlets or media personnel regarding MARA's Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

36. All newspaper articles, magazine articles, and television reports, photographs (in digital format and print copies), and videotapes relating to the Granbury Data Center that You contend are relevant to this case.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

37. Every sound/data measurement collected by You either on or near their property, including but not limited to data collected on Your cellular phones and handheld noise monitoring devices.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

38. Photographs taken by You of MARA's operations at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

39. Any video and/or audio recording taken by You of Defendant's operations at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

40. Any video and/or audio recordings taken by You depicting the impacts of the Granbury Data Center operations on the surrounding area, including impacts on private property, individuals, and animals.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates Stamps Lathers_000057-000058. Discovery

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | § | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**<u>PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION</u>**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW NICK BROWNING,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has or will provide responsive Authorizations independent of this response.

5. All documents regarding any investigation You conducted of Defendant's operation or the alleged noise coming from the Granbury Data Center prior to the filing of this lawsuit that would not otherwise be privileged.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

6. Any communication by You with any county, state, or federal agency regarding any complaints about MARA's operations.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

7. Any communication between You and anyone else, including but not limited to any realtor, regarding the possibility of selling Your real estate property, including any discussion of valuation of Your real estate property, from 2019 through the present.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

8. Any documents regarding the value of Your real estate property for tax or sale purposes, including appraisals, and any communication relating in any way to such evaluation for tax purposes.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates stamps NBROWNING_000765-NBROWNING_000768. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

9. The transcript for any hearing challenging the appraisal value of Your real estate property or any documents regarding such challenge.

14. All electricity bills from 2019 to present relating to Your property or the property at which You live.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates stamp NBROWNING_000858. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

15. All communications with law enforcement officials regarding the noise or vibrations experienced on Your real estate property.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

16. Any correspondence with any family members, friends, community members, or contractors about the noise or vibrations allegedly coming from the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

17. Documentation (such as a deed or appraisal records) evidencing Your ownership of the subject real estate property You claim that Defendant is interfering with in this lawsuit.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates stamps NBROWNING_000769-NBROWNING_000768.

18. All documents and communications related to complaints made by You regarding the alleged noise or vibrations from the MARA Date Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

19. Any noise/sound studies or recordings by or on behalf of You relating to the MARA Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

20. Invoices for any mitigation efforts undertaken by You to reduce the noise or vibrations allegedly attributed to the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

21. All documents and communications related to meeting held with area landowners regarding the noise or vibrations allegedly attributed to MARA's Granbury Data Center facility.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

22. All documents regarding any applications or devices acquired by You for performing sound measurements, including any calibration records.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

23. All meeting minutes or written notes taken for any meetings held with area landowners regarding the noise or vibrations attributed to MARA's Granbury Data Center facility.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

24. All communications about the founding of Citizens Concerned About Wolf Hollow.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

25. All communications about Citizens Concerned About Wolf Hollow Members joining the association Citizens Concerned About Wolf Hollow.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

26. Any recording or logs maintained by You or someone on Your behalf documenting noise levels related to MARA's Granbury Data Center since 2022.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

27. All devices used to measure sound levels related to the MARA Data Center by You.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

28. Any documents regarding funding of Plaintiffs' lawsuit, including litigation loans and funding-raising materials.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

29. Any communications referencing or recording the frequency of wildlife sightings in Hood County between 2019 and present day.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

30. Any communications between You and media outlets or media personnel regarding MARA's Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

31. All documents and communications related to Your use of sound-absorbing materials or other noise mitigation measures on Your allegedly affected property.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

37. Every sound/data measurement collected by You either on or near their property, including but not limited to data collected on Your cellular phones and handheld noise monitoring devices.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

38. Photographs taken by You of MARA's operations at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

39. Any video and/or audio recording taken by You of Defendant's operations at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

40. Any video and/or audio recordings taken by You depicting the impacts of the Granbury Data Center operations on the surrounding area, including impacts on private property, individuals, and animals.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

41. Any records, documents, data, correspondence or photographs You obtained from the Hood County Sheriff, the Hood County Constable, or the Texas Commission on Environmental

47. All documents that reflect or describe any alternative technology or sound suppression systems You contend Defendant should utilize at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

48. All reports made by or for any governmental agencies or entities regarding the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

49. The complete file of all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

50. The curriculum vitae of all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

51. The testifying history list and/or case list for all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not

possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

52. All photographs (in digital format and print copies), films, and videos provided to each expert expected to testify in this case or provided to each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

53. All documents and tangible things, including all tangible reports, draft reports, field notes, scratch notes, photographs (in digital format and print copies), bills, statements for servies rendered, statements for expenses incurred, physical models, compilations of data, standards, codes, regulations, treatises, publications and other material provided to or prepared by or for each testifying expert or each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

54. All standard, codes, regulations, treatises, publications and/or other supporting data relied upon by each testifying expert or consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;

Plaintiffs,

v.

MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.

Defendant(s).

**Case No. 4:25-cv-00845-O [Lead Case]**
**Case No. 4:26-cv-00323-O [Consolidated]**
**Case No. 4:26-cv-00534-O [Consolidated]**

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW NANCY RHODES,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

11. Respondents object to the Requests for Respondents Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a.

12. Respondents object to the Requests to the extent the discovery seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. Fed R. Civ.P. 26(b)(l).

13. Respondents object to the Requests to the extent they call for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

SUPPLEMENTAL ANSWER: Without waiving said objections, and subject thereto, Plaintiff responds to as follows: See Bates Stamps NROHDE_000001.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

47. All documents that reflect or describe any alternative technology or sound suppression systems You contend Defendant should utilize at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

48. All reports made by or for any governmental agencies or entities regarding the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

49. The complete file of all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

50. The curriculum vitae of all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

51. The testifying history list and/or case list for all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not

possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

52. All photographs (in digital format and print copies), films, and videos provided to each expert expected to testify in this case or provided to each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

53. All documents and tangible things, including all tangible reports, draft reports, field notes, scratch notes, photographs (in digital format and print copies), bills, statements for servies rendered, statements for expenses incurred, physical models, compilations of data, standards, codes, regulations, treatises, publications and other material provided to or prepared by or for each testifying expert or each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

54. All standard, codes, regulations, treatises, publications and/or other supporting data relied upon by each testifying expert or consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**<u>PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION</u>**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW KAREN PEARSON,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

44. Any text message from You about the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

45. Any text messages from You about how the Granbury Data Center has allegedly impacted Your use and enjoyment of real property.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

46. Any witness interview notes or transcripts and any surveillance records, photos, or the like related to the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

47. All documents that reflect or describe any alternative technology or sound suppression systems You contend Defendant should utilize at the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

48. All reports made by or for any governmental agencies or entities regarding the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

49. The complete file of all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

50. The curriculum vitae of all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

51. The testifying history list and/or case list for all consulting experts whose opinions or conclusions may be relied upon by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

52. All photographs (in digital format and print copies), films, and videos provided to each expert expected to testify in this case or provided to each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

53. All documents and tangible things, including all tangible reports, draft reports, field notes, scratch notes, photographs (in digital format and print copies), bills, statements for servies

rendered, statements for expenses incurred, physical models, compilations of data, standards, codes, regulations, treatises, publications and other material provided to or prepared by or for each testifying expert or each consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

54. All standard, codes, regulations, treatises, publications and/or other supporting data relied upon by each testifying expert or consulting expert whose mental impressions or opinions have been or will be reviewed by a testifying expert.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Plaintiff does not possess responsive documents at the time of this response, however, will supplement said response pursuant to the Scheduling Order of the Court.

55. All bills, statements, or other documents that reflect any expenses for which You seek recovery in this litigation.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

56. To the extent not otherwise produced in response to the preceding request, any other documents regarding the nature, extent, and/or amount of Your alleged damages, or that You believe support any claim for alleged damages.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | § | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**<u>PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION</u>**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW ROBERT ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

11. Respondents object to the Requests for Respondents Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a.

12. Respondents object to the Requests to the extent the discovery seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. Fed R. Civ.P. 26(b)(l).

13. Respondents object to the Requests to the extent they call for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: See Bates Stamp RAdair_000001.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DANNY LAKEY,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Request for Production.

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

RESPONSE: **Objections**: Discovery of Plaintiffs Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a. The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff will produce driver's license at a later time. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased

is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff will provide this document at a later time, according to attorney agreement.

5. All documents regarding any investigation You conducted of Defendant's operation or the alleged noise coming from the Granbury Data Center prior to the filing of this lawsuit that would not otherwise be privileged.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

6. Any communication by You with any county, state, or federal agency regarding any complaints about MARA's operations.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

7. Any communication between You and anyone else, including but not limited to any realtor, regarding the possibility of selling Your real estate property, including any discussion of valuation of Your real estate property, from 2019 through the present.

the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

18. All documents and communications related to complaints made by You regarding the alleged noise or vibrations from the MARA Date Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

19. Any noise/sound studies or recordings by or on behalf of You relating to the MARA Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

20. Invoices for any mitigation efforts undertaken by You to reduce the noise or vibrations allegedly attributed to the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search

of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

26. Any recording or logs maintained by You or someone on Your behalf documenting noise levels related to MARA's Granbury Data Center since 2022.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

27. All devices used to measure sound levels related to the MARA Data Center by You.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and

of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

36. All newspaper articles, magazine articles, and television reports, photographs (in digital format and print copies), and videotapes relating to the Granbury Data Center that You contend are relevant to this case.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

37. Every sound/data measurement collected by You either on or near their property, including but not limited to data collected on Your cellular phones and handheld noise monitoring devices.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or

content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

38. Photographs taken by You of MARA's operations at the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS; Plaintiffs, | § | **Case No. 4:25-cv-00845-O** |
| v. | § | |
| MARATHON DIGITAL HOLDINGS, INC; Defendant. | § | |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DEANNA LAKEY,** Plaintiff in the above-numbered and styled cause, and serves their Supplemental Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Production.

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

RESPONSE: **Objections**: Discovery of Plaintiffs Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a. The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff will produce driver's license at a later time. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased

is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW BEVERLEY POTTS,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Production.

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

RESPONSE: **Objections**: Discovery of Plaintiffs Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a. The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work

product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and

this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

5. All documents regarding any investigation You conducted of Defendant's operation or the alleged noise coming from the Granbury Data Center prior to the filing of this lawsuit that would not otherwise be privileged.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;

Plaintiffs,

v.

MARATHON DIGITAL HOLDINGS, INC;

Defendant.

**Case No. 4:25-cv-00845-O**

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DONNA ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Production.

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

RESPONSE: **Objections**: Discovery of Plaintiffs Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a. The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this

responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

5. All documents regarding any investigation You conducted of Defendant's operation or the alleged noise coming from the Granbury Data Center prior to the filing of this lawsuit that would not otherwise be privileged.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DANIEL RHODES,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Production.

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

RESPONSE: **Objections**: Discovery of Plaintiffs Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a. The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery

continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

5. All documents regarding any investigation You conducted of Defendant's operation or the alleged noise coming from the Granbury Data Center prior to the filing of this lawsuit that would not otherwise be privileged.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; and TOM WEEKS;<br><br>Plaintiffs,<br><br>v.<br><br>MARATHON DIGITAL HOLDINGS, INC;<br><br>Defendant. | § | **Case No. 4:25-cv-00845-O** |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW ROBERT ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARATHON DIGITAL HOLDINGS, INC's First Set of Requests for Production.

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

RESPONSE: **Objections**: Discovery of Plaintiffs Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a. The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core

work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

RESPONSE: **Objections**: The discovery sought seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. FED.R.CIV.P. 26(b)(l). The discovery sought is vague, and the scope or content of the request cannot be determined with reasonable particularity. Seeks information protected by the attorney-client privilege in that the information includes confidential communications between an attorney and client. Seeks information protected by the attorney's work product privilege. The information sought constitutes "work product," "core work product" or "other work product," and is exempt from discovery. The request as phrased is compound and there is danger of one or more of the following occurring in responding as phrased: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Discovery is ongoing and this responding party shall supplement this response when and if relevant and responsive information is discovered.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | |
|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**<u>PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION</u>**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW BEVERLEY POTTS,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

11. Respondents object to the Requests for Respondents Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a.

12. Respondents object to the Requests to the extent the discovery seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. Fed R. Civ.P. 26(b)(l).

13. Respondents object to the Requests to the extent they call for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed. Discovery continues and this responding party shall supplement this request upon discovery of any responsive, relevant, and unprivileged documents.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, Plaintiff responds as follows: Respondent has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment,

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | |
|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DONNA ADAIR,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

11. Respondents object to the Requests for Respondents Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a.

12. Respondents object to the Requests to the extent the discovery seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. Fed R. Civ.P. 26(b)(l).

13. Respondents object to the Requests to the extent they call for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

**PLAINTIFF'S FURTHER OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: See Bates Stamp DAdair_000001.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: At the time of this response Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: At the time of this response Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.

SUPPLEMENTAL RESPONSE: Without waiving said objections, and subject thereto, this Plaintiff responds as follows: At the time of this response Plaintiff has conducted a

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | |
|---|---|
| ROBERT ADAIR; DONNA RHEA ADAIR; DAVID BLANKENSHIP; LISA BLANKENSHIP; JEFF BOYD; NICK BROWNING; VIRGINIA BROWNING; KAREN PEARSON; HELEN HENSEL; DANNY LAKEY; DEANNA LAKEY; GERALDINE LATHERS; PAMELA WEBSTER; LARRY POTTS; BEVERLEY POTTS; STEVEN POTTS; BARBARA POTTS; WES RAWLE; AMY RAWLE; DANIEL RHODES; NANCY RHODES; CHERYL SHADDEN; TOM WEEKS; TOMMY ENGLE; JENNIFER CARRIG; BLAKE CARRIG; THADDEUS SHANE SCOTT; KAREN SCOTT; JEFFREY SEIDER; LEANN SEIDER; WILLIAM SEIDER; BREANA SEIDER; ZACHARY STEWART; LINDSEY STEWART; CHERIE GORE; BRYCE HENRIKSON; JILL HENRIKSON;<br><br>Plaintiffs,<br><br>v.<br><br>MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.<br><br>Defendant(s). | **Case No. 4:25-cv-00845-O [Lead Case]**<br>**Case No. 4:26-cv-00323-O [Consolidated]**<br>**Case No. 4:26-cv-00534-O [Consolidated]** |

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

TO: Defendant MARATHON DIGITAL HOLDINGS, INC, by and through its attorneys of record, Robert E. Thackston, Esq., Paula D. Pendley, Esq., Tanya B. Scarbrough, Esq., NELSON MULLINS RILEY & SCARBOROUGH, LLP, 3333 Lee Parkway, Suite 750, Dallas, TX 75219.

**COMES NOW DANIEL RHODES,** Plaintiff in the above-numbered and styled cause, and serves their Answers and Objections to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC.'s First Set of Requests for Production.

11. Respondents object to the Requests for Respondents Social Security Number is prohibited by the Privacy Act of 1974, 5 USC §552a.

12. Respondents object to the Requests to the extent the discovery seeks information that is irrelevant or immaterial to the matters at issue in the lawsuit, and is not calculated to lead to the discovery of admissible evidence. Fed R. Civ.P. 26(b)(l).

13. Respondents object to the Requests to the extent they call for a professional opinion from a lay witness; consequently, the question is oppressive, harassing, and without a foundational showing of competency.

**PLAINTIFF'S FURTHER SUPPLEMENTAL OBJECTIONS AND RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION**

1. A copy of Your driver's license and social security card (front and back).

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: See Bates Stamps DROHDE_000067.

2. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) related to Your alleged injuries or illnesses from Defendant's operation of the Granbury Data Center.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

3. All medical records, including but not limited to, documents reflecting Your medical expenses, medical treatment, or health care (physical or mental) for ten years preceding this lawsuit.

SUPPLEMENTAL RESPONSES: Without waiving said objections, and subject thereto, this responding party responds as follows: Plaintiff has conducted a reasonable and diligent search of its files and has no responsive, unprivileged documents, if such ever existed.

4. Please sign and return the attached Medical/HIPAA, Medicare, Employment, Educational, Telephone and IRS/Tax records Authorizations attached as Exhibit A.