**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

| | | |
|---|---|---|
| ROBERT ADAIR, ET AL., | § | |
| Plaintiffs, | § | **Civil Action No. 4:25-CV-00845-O** |
| | § | **[Consolidated with Civil Action Nos. 4:26-CV-00323-O and 4:26-CV-00534-O]** |
| v. | § | |
| MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC | § | |
| Defendant(s). | § | |

**PLAINTIFFS' RESPONSE TO MARA'S MOTION TO EXCLUDE EXPERTS, DISMISS PERSONAL INJURY CLAIMS AND ENTER LONE PINE ORDER GOVERNING ANY FUTURE CLAIMS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, ROBERT ADAIR, DONNA RHEA ADAIR, DAVID BLANKENSHIP, LISA BLANKENSHIP, JEFF BOYD, NICK BROWNING, VIRGINIA BROWNING, KAREN PEARSON, HELEN HENSEL, DANNY LAKEY, DEANNA LAKEY, GERALDINE LATHERS, PAMELA WEBSTER, LARRY POTTS, BEVERLEY POTTS, STEVEN POTTS, BARBARA POTTS, WES RAWLE, AMY RAWLE, DANIEL ROHDE; NANCY ROHDE, CHERYL SHADDEN, TOM WEEKS, TOMMY ENGLE, JENNIFER CARRIG, BLAKE CARRIG, THADDEUS SHANE SCOTT, KAREN SCOTT, JEFFREY SEIDER, LEANN SEIDER, WILLIAM SEIDER, BREANA SEIDER, ZACHARY STEWART, LINDSEY STEWART, CHERIE GORE, BRYCE HENRIKSON, and JILL HENRIKSON ("Plaintiff") and files this its Response to Defendant MARA HOLDINGS, INC. a/k/a MARATHON DIGITAL HOLDINGS, INC. ("MARA" OR "Defendant") Motion to Exclude

Experts, Dismiss Personal Injury Claims and Enter Lone Pine Order Governing Any Future Claims ("Motion") and respectfully requests that Defendant's Motion be denied.

**INTRODUCTION**

On May 15, 2026, Plaintiffs filed their Unopposed Motion to Reset Scheduling Order Deadlines. [Dkt. 49]. Plaintiffs therein requested the Court for an extension of all Scheduling Order deadlines due to the multiple consolidated cases, compounded timeline to complete discovery of party opponents and expert witnesses who have yet to perform their investigations. The Court took the unopposed motion under consideration.

On May 29, 2026, Plaintiffs filed their Amended and Consolidated Complaint pursuant to Court order. [Dkt. 54]. The Amended Complaint consolidated Civil Actions Nos. 4:25-CV-00845-O, 4:26-CV-00323-O and 4:26-CV-00534-O.

On June 25, 2026, Defendant filed its Motion to Dismiss Certain Claims in Plaintiffs Amended and Consolidated Complaint filed by MARA Holdings, Inc., in response to Plaintiff Amended and Consolidated Complaint. [Dkt. 56 & 57].

On June 26, 2026, Plaintiffs filed a Further Briefing to the Unopposed Motion to Reset Scheduling Order and Deadlines. [Dkt. 58]. Once again respectfully requesting relief from the Court's Scheduling Order in that the numerous Plaintiffs and properties subject to the consolidated cases had made it impossible for Plaintiffs' expert witnesses to complete their investigations and produce reports in adherence with the Court's Scheduling Order of February 12, 2026. [Dkt. 19].

On June 29, 2026, Defendant filed a Response in Opposition to Plaintiffs' Further Briefing to the Unopposed Motion to Reset Scheduling Order and Deadlines. [Dkt. 59].

On July 10, 2026, Defendant filed MARA'S Brief in Support of Motion to Exclude Experts, Dismiss Personal Injury Claims and Enter Lone Pine Order Governing Any Future Claims. [Dkt. 61].

On July 16, 2026, Plaintiffs filed a Response to MARA's Motion to Dismiss Certain Claims in Plaintiffs' Amended and Consolidated Complaint. [Dkt. 63]. Plaintiffs' response was filed concurrently with a proposed Second Amended and Consolidated Complaint, wherein Plaintiffs' intended to alleviate any arguable deficiencies and to strike any extraneous statements regarding medical and mental issues, domesticate animal claims and any claims of increased electricity costs inadvertently held over and where no claim for relief has been demanded. Plaintiffs believe that the

proposed Second Amended and Consolidated Complaint sufficiently meets Defendant's demands that have been conveyed to the Court.

On July 30, 2026, Defendants filed a Reply in Support of Motion to Dismiss Certain Claims in Plaintiffs' Amended and Consolidated Complaint.

**ARGUMENT**

Plaintiffs assert the proposed Second Amended and Consolidated Complaint submitted to the Court for consideration on July 16, 2026, effectively resolves any disputes regarding the pleadings, in that Plaintiffs have removed any and all superfluous statements which Defendant addressed in filings. The Second Amended and Consolidated Complaint strikes all language that Defendants found objectionable and removed two caused of action for Intentional Infliction of Emotional Distress and Restitution. Therefore, Plaintiffs will defer to the Court based upon prior filings and the proposed Second Amended and Consolidated Complaint in that Plaintiffs are of the belief that an Order to Dismiss Personal Injury Claims and a *Lone Pine* Order is not necessary and therefore should be denied.

If the Court agrees with Plaintiffs' regarding the sufficiency of the Second Amended and Consolidated Complaint the sole issue to address in this response is Plaintiff inability to comply with the Court's February 12, 2026, Scheduling Order regarding submission of an Initial Expert Designation and Report.

The Fifth Circuit's case on expert exclusion sanctions and the accompanying four-part test is *Barrett v. Atlantic Richfield Company*. The Federal Rules of Civil Procedure authorize the district court to impose sanctions on a disobedient party by refusing to allow that party to introduce designated matters into evidence. Fed.R.Civ.P. 37(b)(2)(B). "When a district court excludes expert testimony as a sanction for a violation of a discovery order, Courts determine whether the court's action is an abuse of discretion by examining four factors: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

Here, Plaintiffs have been proactive with requesting relief from deadlines set in the February 12, 2026, Scheduling Order, in that Plaintiffs have twice requested the Court reset the Scheduling Order deadlines due to an inability to comply. Plaintiffs' inability to comply with the timeline in the Scheduling Order for completion of discovery and expert witness disclosures, given the consolidation of multiple cases, the limited expert availability to conduct inspections of Plaintiffs and Defendant's properties, and the time allowed for Plaintiffs' experts to produce reports has severely obstructed Plaintiffs in complying with the Scheduling Order. Plaintiffs believed that any relief granted by the Court regarding expert disclosures and reports would not prejudice Defendants, in that Defendants have retained numerous experts to date, who likewise need to finalize reports as to the individual properties of Plaintiffs. The Court denying Defendant's motion would effectively preclude Plaintiffs from provide experts and reports to counter Defendant's experts. Finally, if the Court denies Plaintiffs further prayer for relief, Plaintiffs will not be allowed the opportunity to oppose the expert testimony of Defendants retained experts, therefore undercutting any meaningful prosecution of Plaintiffs claims as they are plead in the Second Amended and Consolidated Complaint.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request and pray that the Court deny Defendant's Motion to Exclude Experts, Dismiss Personal Injury Claims and Enter Lone Pine Order Governing Any Future Claims in that Plaintiffs requested relief from the current Scheduling Order on two occasions, whereafter Plaintiffs were unable to comply with the June 26, 2026, Initial Expert Designation and Report deadline. Further, Plaintiff's submitted for consideration a Second Amended and Consolidated Complaint where Defendants arguments have been addressed and the at issue language has been struck, along with two Causes of Action for Intentional Infliction of Emotional Distress and Restitutions. Therefore, Plaintiffs respectfully request the Court allow the Second Amended and Consolidated Complaint to be the operative pleading and the Court either enter an Order Resetting the Scheduling Order to grant the Plaintiffs the opportunity to designated experts and provide reports or allow Plaintiffs to provide experts and reports in rebuttal to Defendants expert designation.

Dated: July 31, 2026

Respectfully submitted,

By: /s/ Steven S. Dias .
Steven S. Dias
State Bar No. 24135825
DIAS HALL LAW, P.C.
5049 Edwards Ranch Clearfork,
3rd Floor, 3-161
Fort Worth, TX 76109
Phone: (817) 510-2911
Facsimile: (559) 354-0318
sdias@diashall.com
service@diashall.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiffs hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record registered to receive a Notice of Electronic Filing for these consolidated cases on this July 31, 2026.

/s/ Steven S. Dias
Steven S. Dias